## McEwen et al. *v.* Davis.

BANK.—*Deposit of Money.*—When money is deposited with a banker, it is payable on demand at the bank, unless some other agreement has been made with reference to its payment.

SAME.—The banker may pay the money upon an oral order, or transfer it from one account to another, and such oral order will be a sufficient authority and justification for so doing; but the banker is under no obligation to act upon such oral direction.

SAME.—By the usages of the banking business, the banker is entitled to some written evidence of the order for money upon payment thereof.

SAME.—A banker, it was *held*, was not bound to pay money held for one on deposit, on a note held by a third person, upon the oral request of the depositor, when it was not shown that it was proposed to surrender the note to the banker, or to give any other evidence of the payment of the money.

PLEADING.—*Complaint.*—A complaint to recover money deposited with a banker should show that some form of written evidence of payment was offered.

BANK.—*Money Deposited.*—*Depositor.*—A banker will always be justified in making payments upon the orders of the person who made the deposit, or upon orders of any person whom he designates as competent to control it, until he has notice that the ownership is claimed by somebody else, adversely to either of these parties.

SAME.—Any obligations which a bank voluntarily assumes on the strength of a depositor's ownership, as by certification of checks or otherwise, or any obligation which has been imposed upon it by operation of law, as by process of garnishment, may be secured and discharged by retention in its possession of a sufficient sum from the fund on deposit to meet and acquit the same.

APPEAL from the Bartholomew Common Pleas.

DOWNEY, J.—The only questions made in this case arise upon the pleadings. It is assigned for error by the appellants, who were the defendants in the common pleas, that that court erred in overruling the demurrer to the complaint, and also in sustaining the demurrers to the paragraphs of the answer.

The complaint was by Solomon Davis, surviving partner of the firm of Davis & Stuckey, against William McEwen, Archibald McEwen, Gideon McEwen, and Lawrence B. Stuckey, administrator of the estate of Samuel Stuckey, the deceased partner of Davis. It is alleged in the complaint that on or about the 26th of March, 1870, and to the time of the death of Stuckey, the plaintiff and said Stuckey

were partners in the purchase and sale of horses; that on said 26th day of March, 1870, the defendants, William McEwen, Archibald McEwen, and Gideon McEwen, were and still are partners in the business of banking, keeping a bank of discount and deposit in Columbus; that on said 26th day of March, 1870, Stuckey deposited with the defendants in said bank, payable on demand, the sum of eighteen hundred dollars of funds of the firm of Stuckey & Davis; that afterward the defendants paid on the check of said Stuckey one hundred and fifty dollars, and on notes of said firm, payable at said bank, and left there for collection, eleven hundred and eighty-seven dollars and seventy cents, and are entitled to a further credit of twenty-one dollars and one cent overpaid by said defendants on account of other funds of said firm of Stuckey & Davis, deposited by the plaintiff in his own name; that there remained due and unpaid on account of said deposit, made as aforesaid by said Stuckey, the sum of four hundred and forty-one dollars and twenty-three cents, and interest; that on the —— day of April, 1870, Stuckey departed this life, intestate, and the defendant Lawrence Stuckey became administrator of his estate; that on the —— day of May, 1870, plaintiff, as surviving partner as aforesaid, with one Jesse Walker, who held and still holds a note against plaintiff and said Stuckey, partners as aforesaid, payable at said bank, for the sum of one thousand dollars, which was due, presented the same at said bank during banking hours, and plaintiff, as surviving partner aforesaid, and having at and before said time notified said defendants, the McEwens, that said funds belonged to said firm, and was partnership funds aforesaid, demanded of said defendants that said balance be applied to the payment of said note, which they utterly refused to do, and failed to pay the same, or any part of it, to the plaintiff upon his check or order, as surviving partner as aforesaid, or otherwise; and the plaintiff says the whole amount of partnership effects belonging to said firm of Stuckey & Davis will not be sufficient to pay the indebtedness of said firm to third parties; wherefore, etc.

It is urged by counsel for the appellants that the complaint is defective, so far as it alleges a demand upon the defendants to pay the balance of the money to Walker on the note of Stuckey & Davis held by him, although Davis, the surviving partner, directed such payment to be made, for the reasons that the note was for a larger amount than the balance of the deposit, it was not offered to surrender it to the bank, nor did Davis offer to check out the balance of the deposit, or in any other way furnish the bank with evidence of the payment. It is also insisted that the other allegation in the complaint with reference to the refusal of the defendants, McEwens, to pay the money to the plaintiff, is insufficient, for the reason that, although it is alleged that they failed to pay the same, or any part thereof, to the plaintiff upon his check or order, as surviving partner as aforesaid, or otherwise, it is not alleged that the plaintiff ever made any demand of the defendants to pay the same to him by check or otherwise.

Conceding that the money of the firm of Stuckey & Davis, deposited by Stuckey in his own name, might properly be demanded by Davis, as the surviving partner, which we do concede, was he bound to draw it out on his check or furnish other written evidence of its payment, or were the bankers bound to depart from the usual and customary mode of doing such business, and pay the money on his oral order or demand? There is no allegation that Davis offered to furnish any evidence of the payment of the money by receipt or by drawing a check for the amount, when it was demanded that the same should be paid on the note held by Walker; nor is there any evidence that Davis demanded the payment of the balance of the deposit to himself, and offered to give any such evidence of payment, although it is stated that the McEwens failed to pay it on his check or order or otherwise. When money is deposited with a banker it is payable on demand, at the bank, unless some other agreement has been made with reference to its payment. The banker is not required to hunt up the depositor and pay him the money, as an ordinary debtor is bound to do with his creditor. The

banker may pay the money upon an oral order, or transfer it from one account to another, and such oral order will be a sufficient authority and justification for so doing. But though the banker may, if he choose, act upon such oral direction, he is under no obligation to do so. By the usages of the banking business he is entitled to demand some written evidence of the order and the payment. A receipt would, of course, be evidence of such payment, and so the check of the depositor will, when paid and in the hands of the banker, be evidence of the order to pay, and also of the fact of payment. Morse Banks and Banking, 29. We are of the opinion, then, that the McEwens, the bankers, were not bound to pay the money to Walker, on his note, upon the oral request of Davis.

The note was not in the bank for payment, but was in the hands of Walker. All the money in the bank to the credit of Stuckey was not sufficient to pay off the note of Walker; and it is not shown that it was proposed to surrender the note to the bankers, or to give them any other evidence of the payment of the money. As we have seen, it is not alleged that Davis ever demanded the money at the bank. As the banker is entitled to some written evidence of the payment, we think the fact that it was offered in some form should be shown in the complaint.

These views lead us to the conclusion that the complaint was insufficient, and that the demurrer to it should have been sustained. As the remaining questions may again arise in the case, we will examine the answers, with a view to the decision of the remaining questions.

In the first paragraph of the answer of the McEwens, it is alleged that on the 23d day of January, 1869, William McEwen sold to Stuckey a pair of mules, for five hundred and fifty dollars, for which Stuckey gave his promissory note to McEwen, a copy of which is filed with the complaint; that the mules were traded for two horses which were put into the pretended partnership, and the firm got the benefit of them, the same having been sold by them for seven hun-

dred dollars, which constituted a portion of the money so deposited in said bank; that McEwen sold and transferred the note of Stuckey to the National Branch Bank of Madison, Indiana; that after said deposit, which was made in the individual name of Stuckey, Stuckey requested them to take up and pay said note, and in consideration thereof promised defendants that the same should be paid and satisfied to them out of said money then in their hands; and that, in pursuance of such request, they did take up said note with said funds, when they had no notice that said Davis had any interest in the deposit; they further allege that the amount thus paid, and the amounts paid by them as mentioned in the complaint, amounted to more than the amount of the deposit.

In the second paragraph it is stated, that Stuckey made his note to William McEwen for five hundred and fifty dollars, payable at a bank named; that McEwen sold and indorsed it to said National Branch Bank at Madison; that when the same became due, to save it from protest, Stuckey requested these defendants to pay it, and that they should be paid out of money that he would in a few days place in defendants' hands; that defendants accordingly took up the note; and that afterward Stuckey placed in defendants' hands said sum of eighteen hundred dollars, as his own private money, stating then that he had no time or he would take up said note so paid for him by defendants, and that said money should be applied to the payment of said note; that he would call in a few days and take the said deposit out; that it was the agreement that said money should be first applied to the payment of said note; that by mistake all of the said money was paid out on debts of Davis & Stuckey, at the request of said administrator of said Stuckey, except the sum of —— dollars, which was not enough to satisfy said note and interest, but that a balance would still be due to the defendants. They also allege that they had no notice of any interest of Davis in said deposit at the time the same was

paid into their hands, and paid by them as aforesaid, but they believed the same to be the money of Stuckey.

The third paragraph is like the second, except that it alleges that the note of Stuckey was paid by the deposit of the money, it having been previously paid by the said defendants to said National Branch Bank, and taken up by them, with the agreement that it should be so paid by Stuckey, by the application to its satisfaction of a part of said deposit; that when this was done the defendants had no knowledge of any interest of Davis in said deposit. They also allege the overpayment of the deposit, as in the second paragraph.

The same author, to whose work we have already referred, says: "The bank will always be justified in making payments upon orders of the person who brought the deposit, or upon orders of any person whom he designates as competent to control it, until it has notice that the ownership is claimed by somebody else adversely to either of these parties. \* \* \* \* \* \* \* \* Until the bank is notified by somebody else of an adverse claim, it will be protected in treating the fund as that of the apparent depositor. Its payments upon his orders will be valid discharges. Any obligations which it has voluntarily assumed on the strength of his ownership, as by certification of his check or otherwise, or any obligation which has been imposed upon it by operation of law, as by garnishee process, may be secured and discharged by retention in its possession of a sufficient sum from the fund to meet and acquit the same." Morse Banks and Banking, 274.

As, according to the first paragraph of the answer, Stuckey directed the payment of his note, which had been transferred to the bank at Madison, out of the money deposited, and it was accordingly paid before the McEwens, the bankers, had any notice of any interest of Davis in the money deposited, it seems to us that, according to the foregoing authority, the paragraph was good.

The second and third paragraphs differ from the first, in

the fact that they allege that the McEwens, the bankers, had paid off for Stuckey and taken up his note at the bank at Madison before the money had been paid to them by Stuckey, but under a promise from him that they should be reimbursed out of the money when it should be so deposited; and it is alleged that a sufficient amount of it was so appropriated and applied by the McEwens, before any notice to them of any interest of Davis in the deposit.

These defences seem also to be good according to the above authority.

The judgment is reversed, with costs; and the cause is remanded.

*R. Hill, G. W. Richardson,* and *F. T. Hord,* for appellants.

*S. Stansifer,* for appellee.