# Robertson *v.* Robertson.

*Bill to Declare an Instrument a Will and to Require a Redelivery of the Property to Wife on Dissent.*

(Decided Dec. 19, 1905. 40 So. Rep. 104.)

1. *Husband and Wife; Personal Property of Husband; Right of Disposition.*—A wife, during the life of the husband, has no

vested right in the personal property of the husband, and he may dispose of it by delivery as he sees fit.

2. *Wills; Gifts of Personalty; Testamentary Disposition.*—The donor delivered to a trustee certain bonds, under a written instrument reserving to himself the interest arising from them during life, and directing the trustee, upon donor's death, to deliver the bonds to the person named in the writing; Held, are irrevocable disposition of the bonds, not testamentary in character, by which title passed out of donor, and not invalid as against donor's wife.

APPEAL from Fayette Chancery Court.

Heard before HON. JOHN C. CARMICHAEL.

This was a bill by Lou Robertson, as the administratrix of the estate of Walter S. Robertson, deceased, alleging that she was the wife of said Robertson, and that during his lifetime he was the owner of six Alabama bonds in the sum of $1,000 each; alleging, further, that F. M. Robertson was in the possession of these bonds, and on demand had refused to deliver same to her, as the administratrix, or as the wife of said decedent, but claimed to hold them under an instrument creating him trustee for certain persons named in the instrument giving the bonds to him as trustee, and purporting to have been executed by the decedent in his lifetime. The bill further alleges that at the time of the execution of such instrument, after expressly denying its execution by the decedent, the decedent was in a low state of health and very much under the influence of his older brother, said F. M. Robertson, and also alleges other facts tending to show undue influence on the part of decedent's brother. The bill also alleges a dissent of the wife from the instrument which is alleged to be the will of the decedent, and alleges in the alternative that the instrument which is set out in the bill was intended to be a gift, and that the gift was never completed in the lifetime of the decedent. The instrument was in words and figures as follows: "The State of Alabama. Fayette County: Whereas, I, Walter S. Robertson, am the owner of six Alabama state bonds hereinafter described, and on account of the love and affection I have for my sisters, I desire to give said bonds to them to be theirs from this day, subject

only to my right to receive and enjoy the interest aris-
ing therefrom so long as I shall live. Now to carry out
my purpose, and to vest immediately in my sisters here-
inafter named the property, title and ownership in said
bonds, subject to my right to receive and enjoy the in-
terest as aforesaid, I do hereby assign, set over,
and deliver (the manual delivery being now made) to
my brother F. M. Robertson, as trustee, said six bonds
which are described as follows: (Here follows a descrip-
tion of the bonds.)   Upon each of which bonds I have
signed and delivered a transfer, leaving the transferee
blank to be filled as hereinafter directed.   These bonds
said F. M. Robertson is to hold and keep in his custody
as trustee for all my 3 sisters hereinafter named.   He
is to receive the interest thereon as it falls due and pay
the same over to me or to permit me to receive such in-
terest as long as I shall live.   Immediately upon my
death, said trust is to cease, and said F. M. Robertson
is hereby directed and required at once to deliver to my
sister, Mrs. M. S. Sanford the two bonds first above men-
tioned.   He shall deliver to my sister, Mrs. Hawkins the
two bonds whose transfer numbers are given as No. 2,403
and 2,404.   He shall deliver to my sister, Mrs. Robertson
the two bonds bearing transfer numbers 2,405 and 2,406.
And further to carry out the said purpose more fully,
he is hereby directed and required to fill the blank on
each of said bonds already signed by me with the names
of the respective parties to whom said bonds are given
that the proper registration may be made upon the prop-
er records and new bonds may be issued to my sisters.
And it is distinctly understood that it is the purpose to
vest the ownership of said bond in my said sisters from
this time, and the only reason for not making the trans-
fer and delivery now to them, is to reserve to myself the
enjoyment of the interest as aforesaid.   In the event my
brother F. M. Robertson shall die before I do, then and
in such event my brother T. H. Robertson shall take
said bonds and perform all acts and duites and have all
the powers herein conferred upon or required of said F.
M. Robertson.''

[Robertson v. Robertson]

J. J. RAY, and J. H. BANKHEAD, for appellant.—
There was no completed gift.—*Williamson v. Yeager*, 34
A. S. R. 200; *Barnham v. Reed*, 136 Ill. 389; *Beaver v.
Beaver*, 6 L. R. A. 404 and note; *Holmes v. McDonald*,
75 A. S. R. 432; *Curry v. Powers*, 70 N. Y. 212; *Walker
v. Crews*, 73 Ala. 418; 14 A. & E. Ency. of Law, 1015,
note 2. There was no delivery of the bonds.—5 L. R. A.
73; 69 Pac. 330; *Sewall v. Glidden*, 1 Ala. 56; *Jones v.
Weakley*, 99 Ala. 441. There was no acceptance.—
*Arrington v. Arrington*, 122 Ala. 517; *Smith v. Savings
Bank*, 10 A. S. R. 402. There was no executed declara-
tion of trust.—*Young v. Young*, 38 Am. Rep. 634; *Wil-
liamson v. Yeager*, 34 Am. St. Rep. 203 and note. The
court will not enforce as a trust a transaction which
was intended as a gift.—*Wade v. Hazelton*, 137 N. Y.
215; *Welch v. Henslaw*, 64 A. S. R. 314; 4 A. & E. Ency.
of Law, 1017; *McHugh v. O'Conner*, 91 Ala. 243; *Gil-
lespy v. Burleson*, 98 Ala. 551. The transaction was tes-
tamentary in character.—*Basket v. Hassel*, 107 U. S.
602; *Gilham v. Mustin*, 42 Ala. 366; *Sharpe v. Hall*, 86
Ala. 114; *Crocker v. Smith*, 94 Ala. 298. Being testa-
mentary it was in derogation of the rights of the wife
and as such, and also in her representative capacity, she
had a right to pursue the bonds wrongfully converted
and insist upon their return.—*Cushman v. Thayer*, 32
Am. Rep. 315. Undue influence was exercised and it
matters not whether by a beneficiary or an outsider.—
27 A. & E. Ency. of Law, 500; *Matter of Cahill*, 74 Cal.
52; *Smith v. Henline*, 174 Ill. 184; *Randolph v. Lamp-
kin*, 90 Ky. 551; *Powell v. Plant*, 23 So. Rep. 399; *Mil-
ler v. Simonds*, 72 Mo. 669; *Coghill v. Kennedy*, 119 Ala.
654.

GEORGE A. EVANS, for appellee.—The giver had a
right to dispose of his property as he saw fit and the
gift in question was complete.—14 A. & E. Ency. of Law,
pp. 1014-15 and 1052-3; *Whitten v. McFall*, 122 Ala.
619; *Adair v. Craig*, 135 Ala. 332. The undue influence
which suffices for the avoidance of the conveyance is not
shown in this case.—*Gilbert v. Gilbert*, 22 Ala. 532;
*Taylor v. Kelly*, 31 Ala. 70; *Poole v. Poole*, 35 Ala. 17;

*Hall v. Hall,* 38 Ala. 134; *Burney v. Torry,* 100 Ala. 168; *Adams v. Craig, supra.* The wife is vested with the right to dower in land but has no interest in the personal prop-erty of her husband before his death.

ANDERSON, J.—"A gift of personal property, made with intent that it shall take effect immediately and ir-revocably, and fully executed by complete and uncondi-tional delivery, is good and valid as a gift inter vivos, although at the time the donor is in extremis, and dies soon after. Moreover, a gift made in anticipation of death, but not conditioned·upon that event, is a gift *inter vivos,* and not a gift *causa mortis.*"—14 Am. & Eng. Ency. Law, 1014; *Dresser v. Dresser,* 46 Me. 48; *Gilligan v. Lord,* 51 Conn. 563; *Adair v. Craig,* 135 Ala. 332, 33 South. 902; *Whitten v. McFall,* 122 Ala. 619, 26 South. 131; *Abney v. Moore,* 106 Ala. 131, 18 South. 60; *Gillham v. Mustin,* 42 Ala. 366; *Trawick v. Davis,* 85 Ala. 342, 5 South. 83. The instrument transferring the bonds in the case at bar preserved the interest thereon to the donor for his life, but did not operate as a limita-tion upon a present transfer of the title, and no power was reserved to the donor to defeat or jeapordize the same.

While such a gift may operate in presenti and be valid and binding, the question that presents itself for our consideration in the case at bar is: Was it binding on the wife, and did the donor, Walter Robertson, have the lawful right to so dispose of his property and thus de-feat her marital rights thereto? "It may be stated that at common law the husband, as against every person ex-cept his creditor, has a right to dispose of his personal-ty in any manner he thinks proper during his lifetime, and during the coverture the wife has no interest in the property, except so far as the husband may be liable for her support and maintenance. And even in jurisdic-tions where, by the common law, by custom, or by stat-ute, the wife is entitled to a distributive share in the hus-band's personalty, it is conceded that the husband has the power to dispose absolutely of his personalty dur-ing his lifetime·by sale or gift; and, if he reserves no

right to himself, the transfer will prevail against the wife, though made to defeat her claim. But, according to many authorities, if the conveyance or transfer be a mere device or contrivance by which the husband, not parting with the absolute dominion over the property during his life, seeks at his death to deprive the widow of her distributive share, it will be ineffectual, against her. In other jurisdictions, however, it is held that if the conveyance, whether voluntary or not, be not revocable by the grantor, it is not to be considered as a will in disguise, on the ground that he reserves to himself the possession and control of the property during his life, and it will not be set aside as in fraud of the wife."—15 Am. & Eng. Ency. Law (2d Ed.) 834.

It has been held by a line of decisions that a wife has no vested interest in the personal estate of the husband. *Cameron v. Cameron,* 10 Smedes & M. (Miss.) 394, 48 Am. Dec. 759; *Lightfoot's Ex'rs v. Colgin,* 5 Munf. (Va.) 42; *Stewart v. Stewart,* 5 Conn. 317; *Dunnock v. Dunnock,* 3 Md. Ch. 140; *Small v. Small,* 56 Kan. 1, 42 Pac. 323, 30 L. R. A. 243, 54 Am. St. Rep. 581; *Padfield v Padfield,* 68 Ill. 210; *Jones v. Somerville,* (Miss.) 28 South. 940, 84 Am. St. Rep. 627. That being the case, the husband can dispose of his personal property as he may see fit, and the wife cannot complain. This court became committed to this doctrine in the case of *Ford v. Ford,* 4 Ala. 142, wherein Justice Ormond, in defining the husband's right to his personalty, says: "He has by law, during his life the most absolute and unqualified dominion over it. The only restriction which has been imposed on him in favor of his wife is in its disposition after his death by will. It is difficult, then, to conceive how a disposition of property, made in the lifetime of the husband, and to take effect immediately, could be fraudulent against the wife, as no right whatever vests in the wife until his death. Her title is derived, not from contract, but is vested in her by law, and has no existence whatever until his death." We see no reason for departing from the doctrine above declared, which has become a rule of property in this state.

[Allen, *et al.* v. Bromberg, *et al.*]

It matters not that the grantor, Walter Robertson, charged the trustee with the payment to him of the interest on the bonds for his life, as it was not a will in disguise. It was an irrevocable disposition of the property conveyed by the assignment, by which the title passed immediately out of the grantor and vested in the respondents. It was therefore not testamentary in its character.—*Ford v. Ford, supra; Jones v. Somerville, supra.* We are of the opinion that the assignment of the bonds was not the result of undue influence on the part of F. H. Robertson.

The decree of the chancellor is affirmed.

TYSON, SIMPSON, and DENSON, JJ., concur.