125 Ind. App. 478 (1955)
126 N.E.2d 784
IN THE MATTER OF THE ESTATE OF HARVEY, DECEASED, ETC.
v.
HUFFER.
No. 18,607.
Court of Appeals of Indiana.
Filed May 27, 1955.
Shirley & Helms, of Kokomo, for appellant
Joseph A. Noel, of Kokomo, for appellee.
CRUMPACKER, J.
On November 18, 1950, one Effie Harvey was the owner of a savings account in the First National Bank of Kokomo, Indiana, in which there *479 was a balance on deposit in the sum of $5,572.57. On said day she and her daughter, Maybell Huffer, appeared at said bank and opened a joint account in connection with which they executed the following signature card:
"This account and all money to be credited to it belongs to us as joint tenants, and will be the absolute property of the survivor of us; either, and the survivor to draw, We do hereby appoint the other attorney irrevocable with power to deposit in said joint account, moneys of the other, and for that purpose to indorse any checks, draft, note or other instrument payable to the other. In consideration of your taking my/our account and handling it, right is given and the Bank is authorized to forward items for collection or payment direct to the drawee or payor Bank, and/or through any other Bank at its discretion, and to receive payments in drafts or checks drawn by the drawee or other Banks; and, except for negligence, your Bank shall not be liable for dishonor of the drafts or checks so received in payment, nor for losses thereon. Also, the undersigned hereby expressly agrees to be bound by all of the other rules and regulations of the Savings Department now in effect and to all changes therein or additions thereto which shall have been posted in the lobby of the bank for one week."
Thereupon, at Effie Harvey's request, the money theretofore deposited in her name only, was transferred and credited to said joint account. Three months later she died and Maybell Huffer withdrew the entire balance remaining in said account and retained the same for her own use and benefit. Later she was appointed administratrix of her mother's estate and her brother William Harvey, contending that said money is an asset of the Effie Harvey estate, brought this suit against Maybell Huffer to recover the same in behalf of said estate. See § 7-821, Burns' 1953 Replacement. Issues were joined and the cause tried to the Howard Circuit Court. At the close of the plaintiff's case the *480 defendant moved for a peremptory finding and judgment which the court sustained. The propriety of such action is the sole question presented by this appeal.
The appellant's contention seems to be that there is evidence in the record tending to prove that the transaction creating the joint bank account, with right of the survivor to take all, was intended by Effie Harvey to be ineffective until after her death and therefore testamentary in character and, lacking the required formalities of a will, was invalid. That such evidence was all that the court could rightfully consider in ruling upon the motion for a peremptory finding and therefore its action in sustaining the motion was clearly erroneous.
All evidence tending to establish this contention is oral and at variance with Effie Harvey's clear intention as expressed in the written signature card which, as far as the evidence discloses, she was competent to sign and did sign uninfluenced by fraud or duress. We regard this card as a contract between Effie Harvey, Maybell Huffer and the bank, the terms of which, in the absence of fraud, undue influence, duress or mistake, cannot be varied by parol evidence. As was said in Cleve. Trust Co. v. Scobie (1926), 114 O.S. 241, 151 N.E. 373:
"Now when the decedent put the money in the bank subject to the right of his sister to withdraw therefrom, complying with all the rules of the bank, securing his sister's signature to the card evidencing the arrangement, he had done all that he could to place the account within her joint authority, and thereby by contract created in his sister a joint interest in the account, equal, to his own." (Our emphasis.)
But even though we were to consider the signature card in controversy as lacking in the requisites of a valid account, it is settled law in Indiana that where *481 the free will intent of the parties to create a joint bank account, with right of survivorship, is expressed in clear and unequivocal language in a written instrument, executed in connection with the account, such intention will be given full effect. Wilt v. Brokaw (1952), U.S.C.C.A., 7th Circuit, 196 F.2d 69; Hibbard v. Hibbard (1947), 118 Ind. App. 292, 73 N.E.2d 181; Clausen v. Warner (1948), 118 Ind. App. 340, 78 N.E.2d 551; § 51-104, Burns' 1951 Replacement.
Judgment affirmed.
NOTE.  Reported in 126 N.E.2d 784.