DONALD E. ZEHR, ADMINISTRATOR *v.*
JEANETTE STEVENS DAYKIN, ADMINISTRATOR.

[No. 572A245. Filed October 25, 1972.]

*Michael S. Kanne,* of Rensselaer, for appellant.

*William J. Moriarty, Jr., Dumas & Moriarty,* of Rensselaer, for appellee.

SHARP, J.—Between September 17, 1965 and August 30, 1968 the Farmers National Bank of Remington, Indiana issued four certificates of deposit totaling $16,000.00 "payable to Eli

F. Zehr or Donald E. Zehr as joint tenants with right of survivorship and not as tenants in common." It is undisputed that the source of the funds for these certificates of deposit was solely those of Eli F. Zehr. Eli F. Zehr died testate on January 3, 1971, and his estate is pending in the Jasper Circuit Court.

From the time the above certificates were purchased until the date of his death Eli F. Zehr retained possession of said certificates. At the time of the death of Eli F. Zehr these certificates were found in a safety deposit box held in the name of Eli F. Zehr alone and he also had the only key to said box. Eli F. Zehr also received all interest on said certificates of deposit during his lifetime.

Appellee brought this action for replevin and declaratory judgment in her individual and fiduciary capacity against the Appellant in his individual and fiduciary capacity in which the right to possession and ownership of the above certificates is in issue. Subsequent to the death of Eli F. Zehr, Donald E. Zehr acquired physical possession of the four certificates of deposit in question. A trial was held on the merits. The trial court made special findings of fact, conclusions of law and judgment as follows:

## "FINDINGS OF FACT

1. That on September 17, 1965, March 4, 1967 and August 30, 1968, the Farmers National Bank of Remington, Indiana, issued three certificates of deposit, each in the amount of five thousand ($5,000.00) dollars, payable to Eli F. Zehr and Donald E. Zehr as joint tenants with right of survivorship. The certificates were numbered 3221, 3403 and 3625. The Farmers National Bank issued a certificate of deposit in the amount of one thousand ($1,000.00) dollars on September 14, 1966, payable to Eli F. Zehr or Donald E. Zehr as joint tenants with the right of survivorship. This certificate was number 3347.

2. The certificates of deposit were all obtained by the decedent Eli F. Zehr with his own money and the defendant Donald E. Zehr did not contribute any money to the securing of the certificates of deposit.

3. There were no bank signature cards signed by either the decedent or defendant in connection with these certificates of deposit.

4. After the certificates of deposit were issued, the decedent Eli F. Zehr maintained exclusive possession of the same until his death. He did not deliver the certificates to the defendant.

5. Some time after the decedent's death the Assessor of Jasper County, Indiana, discovered said certificates of deposit in the decedent's lock box at the State Bank of Remington, Indiana.

6. The lock box was rented in the decedent Eli F. Zehr's name alone.

7. During the lifetime of the decedent, he retained possession of the keys to the lock box and at his death on January 3, 1971, the keys were found among the decedent's personal belongings at his home.

8. All interest payments on said certificates of deposit were paid directly to the decedent during his lifetime.

9. After the decedent's death, the Farmers National Bank of Remington paid the defendant Donald E. Zehr seven hundred fifty ($750.00) dollars representing interest on the certificates of deposit.

## CONCLUSIONS OF LAW

1. There was no delivery of the certificates of deposit described in the findings.

2. The decedent Eli F. Zehr, did not successfully make gifts inter vivos of said certificates of deposit.

3. The certificates of deposit together with the interest of seven hundred fifty ($750.00) dollars paid to the defendant Donald E. Zehr are assets of the Estate of Eli F. Zehr to be distributed according to the Last Will of Eli F. Zehr, deceased.

## JUDGMENT

It is therefore considered, ordered and adjudged that the certificates of deposit viz., Certificates Numbered 3221, 3403, 3625 and 3347, are assets of the Estate of Eli F. Zehr and they are to be delivered to Jeanette Stevens Daykin, Co-administratrix of said estate, to be distributed in accordance with the terms of the Last Will of Eli F. Zehr, deceased.

It is further ordered that Jeanette Stevens Daykin recover as a co-administrator the sum of seven hundred fifty

($750.00) dollars representing interest on said certificates from Donald E. Zehr, the defendant, to be distributed according to the terms of the Last Will of Eli F. Zehr, deceased.

It is further ordered that in the event that Donald E. Zehr, the defendant, fails or refuses to pay over to Jeanette Stevens Daykin said sum of seven hundred fifty ($750.00) dollars, then that amount shall be taken into consideration upon distribution of property to the said Donald E. Zehr under the terms of the Last Will of Eli F. Zehr, deceased."

It is elementary that we must consider the factual inferences in the light most favorable to the Appellee and in support of the decision of the trial court.

The Appellant argues that as a matter of law, the facts even when considered in the light most favorable to the Appellee, lead inescapably to the conclusion that these certificates of deposit were the subject of a valid inter vivos gift. We do not agree.

This is simply a case of Eli F. Zehr purchasing certificates of deposit and orally requesting the bank to put them in his and Donald E. Zehr's name as joint tenants. Nothing else was done. Nothing was ever signed by Eli F. Zehr or delivered to Donald E. Zehr. For example, no signature cards or deposit agreements were signed.

Our courts have held that certain formalities are necessary to make a valid inter vivos gift. These are (a) the donor must be competent to contract, (b) there must be freedon of will, (c) the gift must be completed and nothing left undone, (d) the property must be delivered by the donor and accepted by the donee and (e) the gift must go into immediate and absolute effect. *Bulen* v. *Pendleton Banking Co.* (1948), 118 Ind. App. 217, 78 N. E. 2d 449; *Zorich* v. *Zorich* (1949), 119 Ind. App. 547, 88 N. E. 2d 694, and *Krause* v. *Krause* (1967), 235 Ind. 325, 132 N. E. 2d 608. The reasoning and result in *Bulen*, *Zorich* and *Krause* are in the same vein and are consistent with the result reached by the trial court here.

In *Ogle* v. *Barker* (1946), 224 Ind. 489, 68 N. E. 2d 550, our Supreme Court, speaking through Judge Young, said:

"Money deposited in a checking account in a bank becomes the property of the bank and the bank becomes the debtor of the depositor. 9 C. J. S. 557, and cases cited in Note 53. Indebtedness of the bank to the depositor is a chose in action. There may be a gift of a chose in action, but all the usual requirements of a gift are necessary. There must be intent to give and delivery and irrevocable surrender of control. 38 C. J. S. 823. Delivery of a chose in action not evidenced by an instrument in writing is not a mechanical process, but must be deducted from the conduct of the debtor and donor. In Ogdon, Admr. v. Washington Nat. Bank (1924), 82 Ind. App. 187, a gift of a deposit in bank was involved and Judge McMahan said at page 191, that 'Where the evidence is sufficient to show an intention to make a gift inter vivos of a chose in action, arising from a debt not evidence by writing, an unqualified direction by the donor to the debtor to pay the debt to the donee, instead of the creditor, is a sufficient delivery of the gift, when the debtor accepts the arrangement and agrees to carry out the wish of the donor.' Oral direction and acceptance of the direction are sufficient to constitute delivery. Ogdon, Admr., v. Washington Nat. Bank, supra; McEwen v. Davis (1872), 39 Ind. 109, 112. So in the case before us the direction of Mr. Scott to the banker together with the acceptance of such direction by the addition of Mrs. Scott's name upon the pass book would be sufficient delivery, if intent to make a gift were established and control were relinquished, but control was not relinquished. Mr. Scott could withdraw the entire account at any time and redeposit it in his own name alone which would be a complete revocation of the change to joint names. Also no intent to make a gift was shown unless putting the deposit in his own and Mrs. Scott's name was sufficient evidence of such intent, which is not the case. The mere fact that money is deposited in a bank to the credit of the owner and another is not sufficient to show an intent to make a gift." See also, *First & Tri-State National Bank and Trust Co.* v. *Caywood* (1931), 95 Ind. App. 591, 176 N. E. 2d 871.

In *Lewis* v. *Burke* (1967), 248 Ind. 297, 226 N. E. 2d 332, our Supreme Court held that actual delivery was not necessary

and constructive delivery may sustain a valid inter vivos gift provided there was a written instrument signed by the donor and such written instrument was delivered to the donee. It is obvious that no such constructive delivery occurred here. At least the trial court could properly determine that no such constructive delivery occurred.

We emphasize that we are not extending or changing the law of Indiana as disclosed in the above cases. We are merely applying the law which is reflected in those cases. Having decided that the decision of the trial court is properly within the settled case law of this state, we will not burden this opinion with a discussion of the out of state decisions relied on by the Appellant.

It must be emphasized that this is not a case where a gift was made and both the donor and donee executed signature cards or deposit agreements with the bank. In such cases our courts have ignored the formal requirements for inter vivos gifts and instead have used the contract theory and held that signature cards, deposit agreements, or other writings are binding contracts and constitute conclusive proof of a gift. See *In the Matter of the Estate of Harvey* v. *Huffer* (1955), 125 Ind. App. 478, 126 N. E. 2d 784, *Clausen* v. *Warner* (1948), 118 Ind. App. 340, 78 N. E. 2d 551, and *Wilt* v. *Brokaw* (7th Cir. 1952), 196 F. 2d 69.

In the case at bar, there were no such signature cards, deposit agreements or other writings signed by either party and the trial court correctly relied on the inter vivos gift theory to resolve the issues. Moreover, the parties tried this case on the inter vivos gift theory and did not purport to rely on a contract theory.

For a comprehensive annotation on this subject see 43 A. L. R. 3d 971 (1972).

Since our treatment of this case is adequate to properly and completely determine the merits of this case we deem

it unnecessary to deal with the arguments made by Appellant on his motion for cross errors.

The findings of fact are sufficient within the factual record here and the judgment based thereon is legally permissible. There being no error, the decision of the trial court is affirmed.

Hoffman, C.J., concurs; Staton, J., dissents with opinion.

### DISSENTING OPINION

STATON, J.—I dissent for the reason that the signing of signature cards or other standard forms is at best an artificial distinction. It should not be used to thwart the clear, obvious and unequivocal intent of the donor. In *Ross, Executor* v. *Watkins* (1923), 80 Ind. App. 487, 498, 141 N. E. 477, 480, this Court stated that:

> "The intention of a donor 'when clearly ascertained and fairly consummated, within the meaning of well established rules, is not to be thwarted by a narrow and illiberal construction of what may have been intended for and deemed by him a sufficient delivery. The rule which requires a delivery of the subject of the gift is not to be enforced arbitrarily.' "

The trial court's judgment should be reversed.

NOTE.—Reported in 288 N. E. 2d 174.