ON APPLICATION FOR REHEARING
The application for rehearing asserts that this opinion is contrary to Robertson v. Robertson, 147 Ala. 311, 40 So. 104
(1905). This is not the case. Robertson permits a spouse to transfer personal property freely "except so far as the husband may be liable for her support and maintenance." Furthermore,Robertson involved a disposition that purportedly defeated the wife's intestate share. In a divorce action, a property settlement is made giving each spouse the value of theirinterest in the marriage. Each spouse has a right, even a property right in this. But no one has a right, vested, inchoate, or otherwise, in an intestate share until the person is dead. Finally, in McFadden v. McFadden, 134 Ala. 337,32 So. 719 (1902), this Court recognized the distinctions between the two situations, and set aside a conveyance made to defeat a spouse's claim for support and maintenance.
OPINION EXTENDED; APPLICATION FOR REHEARING OVERRULED.
TORBERT, C.J., and ALMON, EMBRY and ADAMS, JJ., concur.