PAULINE WALTON v. ISHAM WALTON, JR.

·(Filed 17 September, 1919.)

1. **Husband and Wife—Alimony—Attachment—Ancillary Remedy—Statutes.**
      Chapter 24, Public Laws 1919, is an ancillary remedy given to the wife abandoned by the husband, "to have a reasonable subsistence allotted and paid or secured to her from the estate or earnings of her husband," thus giving her a remedy both in *personam* and in *rem.*

2. **Same—Contracts—Summons—Service—Publication.**
      An attachment against the husband's land will lie in favor of the wife, abandoned by him, for a reasonable subsistence or allowance adjudged by the court, under the implied contract, that he support and maintain her, under the statute declaring and enforcing it and under the order of court: and attachment of the husband's land is a basis for the publication of summons. Ch. 24, Laws 1919.

**3. Husband and Wife—Alimony—Debtor and Creditor—Priority.**

The wife's inchoate right to alimony makes her a creditor of her husband, enforceable by attachment, in case of his abandonment, which puts every one on notice of her claim and her priority over other creditors of her husband.

**4. Attorney and Client—Special Appearance—Written Authority—Statutes.**

Upon special appearance of the attorneys of the husband whose property has been attached by the wife under the statute, for the purpose of dismissing the action, the court should, on motion made, require them to file their written authority. Rev., sec. 213.

APPEAL by plaintiff from *Connor, J.,* at Spring Term, 1919, of BERTIE.

*E. R. Tyler and John W. Davenport for plaintiff.*
*Winston & Matthews for defendant.*

CLARK, C. J. This action was begun under ch. 24, Laws 1919, which was enacted as a substitute for Rev., 1567, by the plaintiff against her husband "to have a reasonable subsistence allotted and paid or secured to her from the estate or earnings of her husband." The summons was issued 29 April, 1919, returnable 12 May, 1919. The verified complaint used as an affidavit, upon which the warrant of attachment issued, avers that the defendant in July, 1917, abandoned the plaintiff and the child of the marriage in New York, and, returning to Bertie County, brought a suit for the annulment of said marriage. The plaintiff herein defended the action and obtained judgment that the marriage was in all respects legal and binding. During the pendency of said action she obtained an order from the court that the defendant should pay her $10 monthly from 1 December, 1917, to 1 July, 1918, and the further sum of $50 as counsel fees, which he failed to do. A motion to attach him for contempt for failure to obey the order was continued to be heard later. It is further averred in the complaint, used as an affidavit, that the defendant was indicted under Rev., 3355 and 3357, for abandonment, and gave bond, but left the State with the expressed purpose and intent of placing himself beyond the jurisdiction of the court, and since that time has been a fugitive from justice and a nonresident. The plaintiff further avers that the defendant is a strong and able-bodied man earning $75 per month, and since his abandonment has inherited an interest in land in Bertie County described in the petition, and asks that she be allowed $50 per month for the support of herself and child and an allowance for counsel fees, and that the interest of the defendant be condemned to the payment of said amounts, and for an attachment in this cause against said property. The warrant was duly issued and

served upon the real estate of the defendant in said county, and the court ordered the summons to be served by publication.

The defendant appearing through counsel specially moved to dismiss the warrant of attachment. This was allowed, and the plaintiff appealed.

The question presented is the right of the plaintiff to a warrant of attachment as an ancillary remedy to her cause of action. Chapter 24, Laws 1919, prescribes that the wife abandoned by her husband is entitled "to have a reasonable subsistence allotted and paid or secured to her from the estate or earnings of her husband."

This gives the wife who has been abandoned a remedy both in *personam* and in *rem*. The attachment is to secure the property so that it may be held to satisfy the judgment when rendered and also as a basis for publication of the summons. The wife has always had the remedy of garnisheeing the salary or wages of her husband in such cases, and she is entitled to an attachment of the property for the same reason. Otherwise the defendant, pending litigation, can sell or convey his property, or creditors may attach it for debt or obtain prior liens by judgment.

The defendant contends that an attachment does not lie under Rev., 758, unless there is a breach of contract express or implied. We are of opinion that the husband is under an implied contract for he is primarily liable for the support and maintenance of his wife. *Levi v. Marsha,* 122 N. C., 567.

In *Archbell v. Archbell,* 158 N. C., 417, it was held that the "right of a married woman to support and maintenance is primarily a property right, and the Legislature has given the wife the right to sue for such support." *Cram v. Cram,* 116 N. C., 293.

This obligation is declared and enforced by statute, and this action therefore by the wife is on the implied contract. The defendant being a nonresident of this State and a fugitive from justice, the warrant of attachment properly issued under Rev., 758, for such cause.

An attachment lies for unliquidated damages arising out of breach of contract. *Foushee v. Owen,* 122 N. C., 360; *Judd v. Mining Co.,* 120 N. C., 397.

The only way the court could obtain jurisdiction of the defendant and his property in this case is by attachment. *Everitt v. Austin,* 169 N. C., 622. The property is within the jurisdiction of the court; the defendant is not. The court could not enforce the statutory provision, ch. 24, Laws 1919, "to secure her the reasonable subsistence allotted on the estate of her husband" otherwise, and the statute would be nugatory for the defendant is beyond the jurisdiction of the court. The plaintiff is entitled to an attachment of the property and publication of notice

to the nonresident defendant. *Bernhardt v. Brown,* 118 N. C., 701; *Armstrong v. Kinsell,* 164 N. C., 127.

Besides, the plaintiff is also seeking to enforce the judgment of $120 for alimony and counsel fees allowed in the former action, which judgment is an implied contract.

In *Pennington v. Bank,* 243 U. S., 269, a proceeding like this, the court sustained the right of the wife to attach the deposit in bank of the nonresident husband for payment of alimony. In that case the court says: "In ordinary garnishment proceedings the obligation enforced is a debt existing at the commencement of the action, whereas the obligation to pay alimony arises only as a result of the suit. The distinction is, in this connection, without legal significance. The power of the State to proceed against the property of an absent defendant is the same whether the obligation sought to be enforced is an admitted indebtedness or a contested claim. It is the same whether the claim is liquidated or unliquidated, like the claim for damages in contract or in tort. It is likewise immaterial that the claim is, at the commencement of the suit, inchoate, to be perfected only by time or the action of the court. The only essentials to the exercise of the State's power are presence of the *res* within its borders, its seizure at the commencement of the proceedings, and the opportunity of the owner to be heard. Where these essentials exist, a decree for alimony against an absent defendant will be valid under the same circumstances and to the same extent as if the judgment were on a debt—that is, it will be valid not in *personam* but as a charge to be satisfied out of the property seized."

The following cases from other States also sustain the rule that alimony may be enforced by seizing the property of the absent defendant by attachment or similar process at the commencement of the suit. *Hanscom v. Hanscom,* 6 Colo. App., 97; *Thurston v. Thurston,* 58 Minn., 279; *Wood v. Price,* 79 N. J. Eq., 1.

The following sustain the proposition that "the wife's inchoate right to alimony makes her a creditor of the husband": *Livermon v. Boutelle,* 11 Gray, 217; *Thurston v. Thurston, supra; Murray v. Murray,* 115 Cal., 266; 37 L. R. A., 626; 56 Am. St., 97; *Hinds v. Hinds,* 80 Ala., 325.

Another case on all-fours with the present is *Pendleton v. Pendleton,* 112 S. W. (Ky.), 674, which holds that where a husband, having an interest in real estate, left the State and remained away for about a year, and during that time failed to contribute to the support of his wife and children, the court properly sustained an attachment against his property to enforce such support.

The wife's remedy by attachment puts every one on notice of her claim, and she does not lose any priority as against the other creditors of the husband. If the attachment was denied her the husband could

sell the property or permit it to be exhausted by other judgments, thus making the decree for alimony nugatory when obtained. The wife and children in the meantime would be left destitute.

The order dissolving the attachment must be reversed and the attachment reinstated.

. The plaintiff further contends that the court committed error in refusing to grant her motion to strike out the special appearance of counsel upon the ground that the defendant, being a fugitive from justice and absent from the State, "stands in the attitude of defiance to its power," as was said in *Cromer v. Sell,* 149 N. C., 164.

We need not pass upon this question as the plaintiff is entitled to reinstatement of her attachment, but we think the court should at least have required counsel for defendant to file written authority from the defendant as required by Rev., 213.

Reversed.