PEOPLES OIL COMPANY v. ETHEL P. RICHARDSON.

(Filed 1 November, 1967.)

**1. Pleadings § 34;    Appeal and Error § 6—**

     A motion to strike which challenges the legal sufficiency of the pleadings will be treated as a demurrer.

**2. Actions § 3—**

Before a party can invoke the jurisdiction of a court to redress or pro-
tect against a wrongful act done or threatened, he must allege that he is
or will be adversely affected thereby in some manner, and is thus the
real party in interest.

**3. Ejectment § 6—**

Action in ejectment is properly brought by the owner of the legal title
having the right to immediate possession.

**4. Same;   Cancellation and Rescission of Instruments § 2—**

A wife is not a real party in interest so as to interpose as a defense or
counterclaim in an action in ejectment instituted by her husband's grantee
that her husband had fraudulently conveyed the lands without her joinder
in order to deprive her of the possession thereof, since G.S. 29-14, defining
the share of the surviving spouse of an intestate, and G.S. 29-30, pro-
viding for a life estate at the election of the surviving spouse, do not give
her a present right of possession.

**5. Same—**

Allegations of defendant that her husband conveyed property to a
trustee without her joinder for the purpose of defeating her right to pro-
tect the property from a prior deed of trust, which contained her joinder,
fail to state facts constituting a defense or counterclaim in an action in
ejectment, since the husband's conveyance without her joinder does not
prevent her from exercising her right to redemption from the prior deed
of trust. G.S. 45-45.

**6. Same;   Divorce and Alimony § 21—**

Defendant's allegations that a deed of trust was a voluntary conveyance
executed by her husband and received by the plaintiff for the purpose of
defeating her rights to alimony *pendente lite are held* sufficient to con-
stitute a counterclaim entitling her to relief in defendant's action in
ejectment.

APPEAL by defendant from *May, S.J.,* August 1967 Assigned Ses-
sion of NASH.

Civil action in ejectment to obtain possession of land and for
an accounting for rents and profits.

Plaintiff alleges that defendant's husband, Fred W. Richardson,
was the owner in fee, subject to various liens and encumbrances,
of a certain parcel of land with improvements thereon located in
Nash County; that said property was sold on 26 November 1966
under the power of sale contained in a deed of trust from Fred W.
Richardson to Robert L. Spencer, Trustee, dated 17 August 1966
and recorded in the Nash County Registry in Book 827, page 140;
that plaintiff was the last and highest bidder at the sale, complied
with the terms of the bid, and is the owner of said land by virtue
of a deed to it from Robert L. Spencer, Trustee, dated 9 January
1967 and recorded in the Nash County Registry in Book 834, page

591; that Ethel P. Richardson was in possession of said land at the time of the foreclosure sale and has continued in possession and has failed and refused to vacate the same and plaintiff has been wrongfully deprived of possession.

Defendant, in her answer, admitted that Fred W. Richardson owned the land and the purported existence of the deed of trust, plaintiff's purported purchase of the land at trustee's sale, and execution of a trustee's deed for the property to plaintiff. Defendant denied the other material allegations in the complaint.

And for a further answer and defense and counterclaim, defendant alleges in pertinent part:

"I." Defendant is the wife of Fred W. Richardson, who is the owner in fee simple of the property in controversy; that she joined with him in a deed of trust dated 10 March 1964, of record in Book 785, page 376, Nash County Registry, conveying this property as security for an indebtedness in the amount of $4,540.67 due the Bank of Rocky Mount, N. C.; that, pursuant to G.S. 45-45, defendant had and presently has the right to redeem the above mortgaged property and to receive an assignment of the security instrument and the uncancelled obligation secured thereby.

"II." During the first week of the month of August, 1966, in an action for divorce from bed and board between defendant and her husband, order was entered that defendant's husband pay into the office of the Clerk of Superior Court of Nash County for the benefit of Ethel P. Richardson alimony at the rate of $35.00 per week, payable on Monday of each week, beginning Monday, August 8, 1966, during the pendency of this action, or until the further order of the court.

"III." The order mentioned in paragraph II was duly filed in the office of the Clerk of Superior Court of Nash County and recorded in the minutes of that court; that the attorney for defendant's husband, who was named as trustee in the deed of trust of 17 August 1966, prepared this instrument shortly after the entry of the order for alimony against his client, defendant's husband.

"IV." Defendant did not join in the deed of trust dated 17 August 1966 and recorded in Book 827, page 140. Shortly after the execution thereof, defendant's husband left Nash County for parts unknown.

"V." Fred W. Richardson executed the instrument of 17 August 1966 for the purpose of defeating defendant's right in the property, for the purpose of defeating and harassing defendant's right to protect the property from the deed of trust dated 10 March 1964 and recorded in the Nash County Registry in Book 785, page 376,

and for the purpose of defeating and delaying defendant in her right to collect alimony under the order of the Superior Court.

"VII." The instrument of 17 August 1966 was given to plaintiff ostensibly as security for past-due indebtedness and without the advancement by plaintiff of new credit or consideration therefor. ". . . that the same was received by plaintiff for the purpose of aiding defendant's husband in his purposes of defrauding this defendant, as set out in paragraph V above, in her rights of possession in the premises involved in this action, in her rights in the deed of trust described in paragraph I above and in the order of court for alimony . . .; that defendant is informed and believes and so alleges that the purported foreclosure of the instrument of August 17, 1966, was all in fulfillment of the fraudulent purposes which defendant's husband, with plaintiff's aid, knowledge and concurrence, has projected against defendant . . ."

Defendant prayed that plaintiff's action be dismissed; that on her counterclaim, she have a cancellation of the deed of trust dated 17 August 1966, recorded in Book 728 at page 140, Nash County Registry, and the deed to plaintiff dated 9 January 1967, recorded in Book 834, page 591, Nash County Registry, and that the same be declared null and void as against defendant.

Plaintiff moved to strike certain portions of defendant's answer and all of her further answer and defense and counterclaim "for the reason that the facts as alleged do not constitute a further defense or form the basis for a counterclaim, are immaterial, irrelevant and prejudicial to the plaintiff, said allegations showing on their face, that the defendant is the wife of the former owner of the property, owns no interest in the property and has no right to the possession thereof."

At the hearing on the motion to strike the further answer and defense and counterclaim, the court, treating plaintiff's motion as a demurrer *ore tenus*, entered an order allowing the motion.

Defendant appealed.

*Battle, Winslow, Scott & Wiley for plaintiff.*
*Mitchell & Murphy; R. Conrad Boddie for defendant.*

BRANCH, J. The sole question presented for decision is: Did the allegations of defendant's further answer and defense and counterclaim allege facts sufficient to constitute a defense or to state a cause of action entitling her to any relief?

It is apparent that plaintiff's motion to strike challenged the legal sufficiency of defendant's further answer and defense and coun-

terclaim, and therefore it will be treated as a demurrer. *Williams v. Hunter,* 257 N.C. 754, 127 S.E. 2d 546.

In the case of *Aman v. Walker,* 165 N.C. 224, 81 S.E. 162, the Court stated clearly the principles as to fraudulent conveyances. Three of these principles pertinent to the facts alleged herein are:

> "(3)  If the conveyance is voluntary and made with the actual intent upon the part of the grantor to defraud creditors, it is void, although this fraudulent intent is not participated in by the grantee, and although property sufficient and available to pay existing debts is retained.

> (4)  If the conveyance is upon a valuable consideration and made with the actual intent to defraud creditors upon the part of the grantor alone, not participated in by the grantee, and of which intent he had no notice, it is valid.

> (5)  If the conveyance is upon a valuable consideration, but made with the actual intent to defraud creditors on the part of the grantor, participated in by the grantee or of which he has notice, it is void."

Defendant alleges in her further answer and defense and counterclaim that the deed of trust under which plaintiff claims was given ostensibly as security for a past due indebtedness and was received by plaintiff for the purpose of aiding defendant's husband (transferror) "in his purpose of defrauding this defendant . . . in her rights of possession in the premises involved . . . in her rights in the deed of trust described in paragraph I" of the further answer and defense and counterclaim (the first deed of trust) "and in the order of the court for alimony *pendente lite* which is set out in paragraphs II and III" of defendant's further answer and defense and counterclaim.

"Before one can call on a court to redress or protect against a wrongful act done or threatened, he must allege that he is or will in some manner be adversely affected thereby. He must be the real party in interest." *Sanitary District v. Lenoir,* 249 N.C. 96, 105 S.E. 2d 411.

The record shows that plaintiff is the owner of the record and legal title to the land concerned in this litigation, and, nothing else appearing, is the proper party to bring action for relief necessary to protect its legal interest. 1 McIntosh, N. C. Practice and Procedure, § 592, p. 298.

G.S. 29-14 defines the share of a surviving spouse of an intestate, and G.S. 29-30 has the practical effect of providing the benefits of

dower to the defendant, at her election, if she should become the surviving spouse of Fred W. Richardson.

Although decided prior to the act which repealed dower, as such, the case of *Gay v. Exum & Co.,* 234 N.C. 378, 67 S.E. 2d 290, is pertinent in that it holds that except for purchase money mortgages and deeds of trust, the conveyance of land by the husband without joinder of the wife does not affect the wife's right to dower, nor do statutes of limitation affect her right until the death of her husband, since "the wife cannot be heard until she becomes a widow."

A remainderman may not maintain an action for the possession of land until after the expiration of the life estate. *Narron v. Musgrave,* 236 N.C. 388, 73 S.E. 2d 6, and *Loven v. Roper,* 178 N.C. 581, 101 S.E. 263.

The defendant, Ethel P. Richardson, has no present right of possession. It is therefore apparent that she could not be adversely affected as to her possessory rights so as to be a real party in interest.

Neither can she support her cause of action by showing a better title outstanding in a third person. *Stewart v. Cary,* 220 N.C. 214, 17 S.E. 2d 29.

Nor can she state a cause of action based on allegations that the conveyance was made for the purpose of defeating and harassing her right to protect the said property from the first deed of trust, which contained her joinder as wife of the owner of the property.

G.S. 45-45 provides:

> "Spouse of mortgagor included among those having right to redeem real property. — Any married person has the right to redeem real property conveyed by his or her spouse's mortgages, deeds of trust and like security instruments and upon such redemption, to have an assignment of the security instrument and the uncancelled obligation secured thereby."

There is nothing to prevent defendant from exercising her rights under this statute. She did not join in the execution of the deed of trust which she now attacks, none of her property rights can be affected by this deed of trust. She may protect her interests in the first deed of trust since she joined in its execution. Again defendant fails to allege facts to show that she will be adversely affected so as to make her the real party in interest. *Sanitary District v. Lenoir, supra.*

The allegations that the deed of trust executed by defendant's husband to Robert L. Spencer, Trustee, in Book 827, page 140 of the Nash County Registry, was a voluntary conveyance made by

her husband and received by plaintiff for the purpose of defeating, delaying and defrauding defendant's rights in the order of court for alimony *pendente lite,* poses a more serious question.

"It has been held that a conveyance made by a husband in anticipation of the wife's action for alimony or support, and in frustration of a satisfaction of a court award to her, is fraudulent and may be set aside unless the purchaser took without notice and for value. Similarly held has been a conveyance made by a husband while his wife's suit is pending or after the decree has been made in her favor." 2 Lee, North Carolina Family Law, sec. 162, pp. 264-265; 27B C.J.S., pp. 166-167; 79 A.L.R. 421; 49 A.L.R. 2d 521.

"In *Walton v. Walton,* 178 N.C. 73, 100 S.E. 176, the holding of the court is succinctly stated in the third headnote as follows: 'The wife's inchoate right to alimony makes· her a creditor of her husband, enforceable by attachment, in case of his abandonment, which puts everyone on notice of her claim and her priority over other creditors of her husband.' *Lambert v. Lambert,* 249 N.C. 315, 106 S.E. 2d 491.

"Both the statute, G.S. 1-151, and the decisions of this Court require that the pleading be liberally construed, and that every reasonable intendment and presumption must be in favor of the pleader. A pleading must be fatally defective before it will be rejected as insufficient." *Woody v. Pickelsimer,* 248 N.C. 599, 104 S.E. 2d 273.

Applying this principle in testing the sufficiency of defendant's pleading, we hold that the lower court's order treating plaintiff's motion to strike as a demurrer *ore tenus* and allowing the motion was improvidently entered.

Reversed.