414 So.2d 915 (1982)
Elvia PATTILLO
v.
L. H. PATTILLO, et al.
Elvia PATTILLO
v.
Marie P. BAKER, Executrix, etc.
80-770, 81-6.
Supreme Court of Alabama.
April 2, 1982.
Rehearing Denied June 4, 1982.
Philip Dale Segrest of Segrest & Pilgrim, Montgomery, for appellant.
Harry D. Raymon of Raymon, Nathanson & Raymon, Tuskegee, for appellees.
FAULKNER, Justice.
These appeals arise out of an action for divorce[1] by the husband, L. H. Pattillo, on the grounds of irretrievable breakdown in the marital relationship. The wife, Elvia, contested the divorce and asked that certain transfers be set aside. The trial court granted Mr. Pattillo a divorce and refused to set the transfers aside or to consider the property as part of the marital estate. We reverse and remand.
Mr. Pattillo was first married to Elvia's sister, Connie. When Connie Pattillo became ill in 1938, Elvia and her children moved in with the Pattillos to take care of the household. Connie died in 1968. Elvia remained in Mr. Pattillo's household until 1972. L. H. Pattillo married Elvia in 1976. Both parties suffered from poor health. After the marriage, both parties' health declined markedly. L. H. Pattillo developed cancer, and died while the case was pending on appeal.
L. H. Pattillo acquired a sizeable estate over the years through "frugal living." *916 The house in which the parties lived had no indoor plumbing or any other modern conveniences. Elvia Pattillo had no knowledge of her husband's wealth.
Eight days before Mr. Pattillo filed an action for divorce, he cashed in several certificates of deposit worth over $87,000.00, all bearing his name and payable on his death to his daughters. Mr. Pattillo then transferred the funds from the certificates to new certificates of deposit. The new certificates of deposit bore only the names of his daughters. The transfers were not supported by consideration. Mr. Pattillo paid a penalty for early withdrawal on most of the certificates. Mr. Pattillo continued to pay income tax on the certificates of deposit. He filed no gift tax return on the transfers. Mr. Pattillo also transferred more than $20,000.00 cash to his daughters. Mr. Pattillo testified at trial that his only other asset was a savings account which contained four hundred dollars.
Mr. Pattillo also testified that he did not know how much money he transferred to his daughters, even after counsel suggested the correct amount. An employee of the bank in which Mr. Pattillo established the new certificates of deposit testified that Mr. Pattillo returned to the bank after the transfer, seeking to put his name on the account. His daughters assisted him in transferring the property and in filing for a divorce.
On January 27, 1981, L. H. Pattillo filed for a divorce. Elvia Pattillo filed an answer contesting the divorce and seeking to enjoin Mr. Pattillo from transferring any other property. Mrs. Pattillo also brought an action to set aside the transfer of personal property. The trial judge heard the evidence, and rendered a verdict in favor of Mr. Pattillo in both actions.
The trial judge awarded Mrs. Pattillo a life estate in their residence, her personal property, and requested Mr. Pattillo to pay Elvia's accrued medical expenses and expenses to establish utilities for the house. The trial court refused to award alimony.
We hold that the trial court erred in failing to consider the more than $100,000.00 transferred by Mr. Pattillo to his two daughters in determining an equitable property settlement. The majority of jurisdictions in the United States recognized that a transfer of property made to defeat a spouse's rights in marital property is voidable. See, e.g., Pierson v. Barkley, 253 Ark. 131, 484 S.W.2d 872 (1972); Young v. Bozeman, 229 Ga. 195, 190 S.E.2d 523 (1972); Hellwig v. Hellwig, 100 Ill.App.3d 452, 55 Ill.Dec. 762, 426 N.E.2d 1087 (1981); DuMont v. Godfrey, ___ Mass. ___, 415 N.E.2d 188 (1981); Peoples Oil Co. v. Richardson, 271 N.C. 696, 157 S.E.2d 369 (1967). Whether a transfer is made to defeat a spouse's property rights is a question of fact. Id.
In the present case, the evidence all leads to the inference that Mr. Pattillo, either alone or under the influence of his daughters, transferred the property in order to defeat Mrs. Pattillo's rights in the property. The transfers were made eight days prior to filing the divorce action. The transfers were not supported by consideration. Mr. Pattillo accepted an interest penalty of $1000-$3000. Mr. Pattillo continued to pay income tax on the property, and did not file a gift tax return on the transfers. The transfer left Mr. Pattillo with only a minimum amount of assets, hardly enough to live on for one month. Under the total circumstances, Mrs. Pattillo made a prima facie case of transfers to defeat her marital rights. Mr. Pattillo failed to establish that the transactions were fair and equitable, and that they were not made with the intent to defeat Mrs. Pattillo's rights. Thus, the holding of the trial judge that the transfers should be upheld is plainly and palpably wrong, and against the great weight of the evidence.
The judgments are reversed and the causes are remanded in order for the trial court to consider the transferred assets in determining a proper property settlement.
REVERSED AND REMANDED.
TORBERT, C. J., and ALMON, EMBRY and ADAMS, JJ., concur.

*917 ON APPLICATION FOR REHEARING
FAULKNER, Justice.
The application for rehearing asserts that this opinion is contrary to Robertson v. Robertson, 147 Ala. 311, 40 So. 104 (1905). This is not the case. Robertson permits a spouse to transfer personal property freely "except so far as the husband may be liable for her support and maintenance." Furthermore, Robertson involved a disposition that purportedly defeated the wife's intestate share. In a divorce action, a property settlement is made giving each spouse the value of their interest in the marriage. Each spouse has a right, even a property right in this. But no one has a right, vested, inchoate, or otherwise, in an intestate share until the person is dead. Finally, in McFadden v. McFadden, 134 Ala. 337, 32 So. 719 (1902), this Court recognized the distinctions between the two situations, and set aside a conveyance made to defeat a spouse's claim for support and maintenance.
OPINION EXTENDED; APPLICATION FOR REHEARING OVERRULED.
TORBERT, C. J., and ALMON, EMBRY and ADAMS, JJ., concur.
NOTES
[1] Mrs. Pattillo brought a separate action to set aside Mr. Pattillo's allegedly fraudulent transfer of personal property. The actions were consolidated for trial. The appeal from the fraudulent transfer action came to the Supreme Court and the appeal from the divorce action went to the Court of Civil Appeals. For purposes of judicial economy, the appeals were consolidated and the divorce action was transferred to this Court.