This is a divorce case.
The Circuit Court of DeKalb County, Alabama, after numerous hearings, entered a final divorce decree and ordered a division of the parties' property. The husband filed a motion for new trial which was denied. The husband timely appeals.
The pertinent facts are that the husband and the wife were married on August 18, 1944 and separated on September 29, 1986. After forty-two years of marriage the wife filed for divorce on October 29, 1986. There were four children born of the marriage, the oldest of whom is deceased. All three surviving children are now adults.
Testimony revealed that the husband, prior to the divorce proceedings, owned several businesses, one of which was a steel mill where the wife worked as a bookkeeper. The steel mill was sold and the proceeds were used to support the family. It was further revealed that a hosiery mill was also owned prior to the mill which is a subject of this appeal. The first hosiery mill was also sold and the proceeds of the sale were used to pay debts and support the family, as well as to build a second hosiery mill on land deeded to the youngest child of the husband and wife by the husband's father.
There was evidence that the real estate holdings of the husband and wife, as well as those of the children, were all gifts from the husband's father with the exception of some inherited land of the wife which has been sold. Some of the parcels of land were deeded in the husband's name only, some in the wife's name only, some in the husband and wife jointly, as well as a number of parcels, some of which were income producing, which were deeded as a gift to each of the children. The parcels owned jointly by the husband and wife included the marital home.
The wife moved from the marital residence in September 1986 and filed for divorce in October 1986. She requested and was granted a restraining order which precluded any disposition, sale, or devise of any and all real and personal property owned by the husband and wife jointly and individually. The court also ordered the husband to relinquish possession of the residence and to give the wife complete possession and use of the residence until the final division of property by the court. The husband did not vacate, claiming he was unable to obtain other lodging with only a $400 monthly income. A contempt hearing *Page 1073 
was held in December 1986, the result of which was to give the husband until January 2, 1987 to vacate or pay $50 per day for every day thereafter that he remained in possession of the house. The husband requested a dissolution of the restraining order or, in lieu thereof, a protective order, claiming the court had denied him access to his funds and property which prevented him from raising money to obtain other housing. This request was denied.
Subsequently, the husband negotiated a sale of the new hosiery mill. These negotiations began in September 1986 after two years of mill operation. The sale was finalized on November 20, 1986 without the knowledge and/or consent of the wife. As a result of negotiations with the husband, the mill's purchaser was instructed to pay the $15,000 down payment and monthly installments directly to the children. The husband claimed the children were the owners of the mill and should receive the payments. The wife became aware of the sale several days later and requested a restraining order to preclude the children from spending the proceeds of the sale. The children were also added as defendants to the action.
After an ore tenus proceeding, the trial court in its final decree provided the wife with a forty percent interest in the proceeds of the sale of the mill, several parcels of real estate, fifty percent of the proceeds of the public sale of the marital home, the diamonds and jewelry owned by the parties, a 1977 Lincoln automobile, and an equal division of the personal property in the residence. The husband contends that the trial court could not award the wife any interest in the proceeds of the mill because the mill purportedly belonged to the children and could not properly be considered in the division of marital property.
It is well settled that the division of property in divorce cases is within the sound discretion of the trial court and will not be altered on appeal absent a plain and palpable abuse of discretion. Easterling v. Easterling,454 So.2d 1019 (Ala.Civ.App. 1984). Such a division need not be equal but must be equitable. Scudder v. Scudder,485 So.2d 743 (Ala.Civ.App. 1986). The trial court may properly consider for division gifts or inherited property if such property has been shown to have been used for the common benefit of the parties. Marsh v. Marsh, 496 So.2d 71
(Ala.Civ.App. 1986).
The husband contends on appeal that the trial court erred in concluding that the mill property was a marital asset and awarding the wife an interest in the proceeds of the mill's sale. The husband maintains that the mill was built for the children and belonged to them and therefore could not be considered by the court in the division of marital property. We disagree.
In an ore tenus proceeding the judgment of the trial court is presumed to be correct absent a showing of an abuse of discretion. Mashatt v. Mashatt, 469 So.2d 607
(Ala.Civ.App. 1984). After careful review of the record in the instant case, we conclude that there was sufficient evidence upon which the trial court could conclude that the mill was a marital asset and subject to the jurisdiction of the court. During the two years of the operation of the mill the husband and wife included the mill on their income tax forms. The testimony of the children further showed little or no involvement in the operation of the mill by the two sons. However, the daughter did work at the mill. The testimony regarding the ownership of the mill is in dispute.
During the proceedings the husband introduced into evidence a bill of sale dated July 15, 1986 which, according to the husband, gave the children his entire interest in the equipment in the mill, the effect of which he claims made the mill the property of the children exclusively. The evidence, however, is in conflict as to the actual date of the purported bill of sale. The children, as revealed in their testimony, were not present at the signing of the bill of sale, nor did they ever receive a copy of it. The wife did not sign the document and testified that she had no knowledge of it.
In Alabama a transfer of marital property made to defeat a spouse's marital right is voidable. Pattillo v.Pattillo, *Page 1074 414 So.2d 915 (Ala. 1982). Whether a specific transfer is done to defeat the spouse's rights is a question for the trier of facts, i.e. the trial court in this case. Pattillo,supra. The husband claims that the transfer was made before the filing of the divorce complaint and could not be in contemplation of a divorce. Given the appropriate presumption, we find that there was sufficient evidence, in view of the surrounding circumstances, for the trial court to conclude that the bill of sale, if executed, was in contemplation of divorce. We do not find this conclusion to be plainly or palpably wrong.Pattillo, supra.
The husband also contends that the trial court violated the due process rights of the children by giving forty percent of the mill sale proceeds to the wife. Since we have concluded that the trial court was not plainly or palpably wrong in its finding that the mill was marital property subject to the jurisdiction of the court, we need not determine whether the children have an interest subject to due process review. We note, however, that the children were made defendants to the action with proper notice as to the action against the mill proceeds.
The husband further contends that the wife perpetrated a fraud because for the last seventeen years of their marriage she had considered divorcing him. The wife did testify that she had no love for the husband for the last seventeen years of their marriage but that she remained married for the children's sake. The husband has cited us no authority for his contention, nor have we been able to find any such authority. Consequently, this issue is not before us for decision. Henderson v.Alabama A M University, 483 So.2d 392 (Ala. 1986).
The husband's final issues originate from the contempt proceedings against him. Specifically, he contends the trial court erred in finding him in contempt of court for failing to move from the marital home as provided in the original restraining order. As noted, the husband claims he was unable to avoid the contempt because the court denied him access to his funds and property. He further contends the court erred in converting the $50 per day contempt sanction into a $10,000 judgment. The trial court did ultimately impose a $50 per day charge for every day he remained in possession of the residence after January 2, 1987.
The settled law in Alabama is that review of a contempt judgment is by extraordinary writ and not by appeal. Fosterv. Foster, 409 So.2d 833 (Ala.Civ.App. 1981). No extraordinary writ request has been filed with this court; thus, the issues involving the contempt proceedings are not properly before this court and will not be considered.
We find no abuse of discretion in the judgment of the trial court in concluding the mill was operated for the common benefit of the marriage and was properly included and considered in the division of the property of the parties. The decree of the trial court is affirmed.
AFFIRMED.
HOLMES and INGRAM, JJ., concur.