L. CHARLES WRIGHT, Retired Appellate Judge.
The Circuit Court of Shelby County divorced the parties and ordered a division of their property. The husband appeals, contending that the court abused its discretion in its division of property.
The record reflects that the parties were married for the second time in 1975 and separated for the last time in 1988. The wife is 40, and the husband is 42. Both are in good health. The parties have an adult son, who resides with the wife.
The wife was employed during the majority of the marriage. Presently she is employed as a legal secretary and earns approximately $18,000 per year. She has paid the home mortgage and all household expenses since January 1987.
The husband owns and operates an automobile body shop. He opened the shop in January 1987. Prior to that he was employed with South Central Bell. When he left that employment he received $22,000 severance and cashed in $11,000 of AT & T stock. He testified that he put all of that money into the body shop. The record reveals that he grossed $121,000 in 1989 and $83,000 in 1990. At the time of the hearing in August 1991, the husband had paid himself $7,146 since the beginning of the year.
The home is worth approximately $90,-000. It has a $42,000 mortgage balance. The monthly mortgage payments are $438.
The wife filed the complaint for divorce on the grounds of incompatibility and adultery. She testified that there were nights when the husband would not come home until midnight or four o’clock in the morning. After he began his business, there were some fifteen nights when he did not come home at all. The wife decided she could no longer live under such circumstances and the husband left the home.
The court awarded the wife the marital home, with the requirement that she assume and pay the mortgage against it. The husband contends that the award of the marital home to the wife is inequitable and constitutes an abuse of the trial court’s discretion.
The division of property is a matter of judicial discretion and will not be reversed on appeal except for palpable abuse of that discretion. Wiggins v. Wiggins, 498 So.2d 853 (Ala.Civ.App.1986). Factors to be considered in the division of property are the future prospects of the parties, their age, health, station in life, length of the marriage, and, in appropriate situations, the conduct of the parties with reference to the cause of the divorce. Lutz v. Lutz, 485 So.2d 1174 (Ala.Civ.App.1986). Each ease must be determined on its own facts and circumstances. The division of property does not have to be equal, but should be equitable. Prestwood v. Prestwood, 523 So.2d 1071 (Ala.Civ.App.1988).
*946 Applying the attendant presumptions to the facts in this case, we cannot say that the trial court abused its discretion in the division of the property. The judgment of the trial court is affirmed.
The wife’s request for an attorney’s fee on appeal is granted in the amount of $500.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.