In 1992 Esther Earline Capps filed a complaint in the Mobile County Circuit Court against Henry Chester Capps, seeking a divorce from bed and board. On November 4, 1992, the trial court entered a judgment of divorce from bed and board, ordering the husband to pay the wife $500 per month, to maintain the wife on his group health insurance, and to pay a $350 attorney fee. The trial court also ordered that the wife could remain in the parties' condominium.
On November 24, 1995, the husband filed a complaint, seeking an absolute divorce. Following oral proceedings, the trial court entered a judgment, divorcing the parties and awarding the wife certain properties, including the condominium which was jointly owned by the husband and his mother. The trial court set aside a deed which the husband executed in June 1995, giving his mother his one-half interest in the condominium. The trial court ordered the husband to pay the mortgage on the condominium, to maintain the wife on his health insurance, and to name the wife as a one-half beneficiary on his life insurance. The trial court also ordered the husband to pay $500 per month periodic alimony and a $600 attorney fee. The husband filed a motion to alter, amend, or vacate the judgment, which was denied. Thereafter, the wife filed a motion requesting the trial court to order the clerk of the court to execute a deed on behalf of the husband and his mother. The trial court granted the wife's motion, and the clerk of the court executed a deed on behalf of the husband and his mother, deeding the condominium to the wife.
The husband appeals, raising three issues: (1) whether the trial court erred in ordering his mother's interest in the condominium conveyed to the wife, (2) whether the trial court abused its discretion in awarding periodic alimony and in ordering him to provide medical insurance for the wife, and (3) whether the trial court abused its discretion in awarding the wife a $600 attorney fee.
In a divorce proceeding, when a trial court is presented the evidence ore tenus, its judgment will be presumed correct if supported by the evidence. Irwin v. Irwin, 666 So.2d 515
(Ala.Civ.App. 1995). When making an award of alimony or a division of property, factors which the trial court should consider are the earning capacity and future prospects of the parties, their ages and health, the length of the marriage, the standard of living during the marriage, and the conduct of the parties.Hinds v. Hinds, 415 So.2d 1122 (Ala.Civ.App. 1982). *Page 185 
The record reflects that the parties were married in 1971 and subsequently divorced for a period of eight years. The parties remarried in 1982 and separated in 1989, when the wife changed the locks on the condominium.
The parties presented conflicting evidence regarding each party's conduct and the reason for their separation. The wife testified that she is unable to work because of a medical problem and that she would not be able to obtain health insurance unless the husband was ordered to maintain her on his health insurance. She testified that she owns no property and assets. The wife also testified that she does not have any income, except the $500 per month provided in November 4, 1992, order.
The husband testified that he receives military retirement benefits, disability benefits from the federal government, and a Social Security check — totalling $2,252 per month. The husband has health insurance through the military, and he is debt free. He testified that he and his mother purchased the condominium as joint tenants and that in June 1995, when he was unable to make the payments, he deeded his one-half interest to his mother in lieu of foreclosure.
The husband argues that the trial court could not convey his mother's interest in the condominium to the wife and that the trial court could not set aside the deed conveying his one-half interest to his mother without making his mother a party to the action.
This court has held as follows:
 "In Alabama a transfer of marital property made to defeat a spouse's marital right is voidable. Pattillo v. Pattillo, 414 So.2d 915 (Ala. 1982). Whether a specific transfer is done to defeat the spouse's rights is a question for the trier of facts, i.e. the trial court in this case. Pattillo.. . .
 "The husband contends that the trial court violated the due process rights of the children by giving forty percent of the mill sale proceeds to the wife. Since we have concluded that the trial court was not plainly or palpably wrong in its finding that the mill was marital property subject to the jurisdiction of the court, we need not determine whether the children have an interest subject to due process review. We note, however, that the children were made defendants to the action with proper notice as to the action against the mill proceeds."
Prestwood v. Prestwood, 523 So.2d 1071, 1073-74
(Ala.Civ.App. 1988). However, unlike the children in Prestwood, the husband's mother owns an undivided one-half interest in the condominium, and she was not made a party to the action. Our supreme court has held that a grantee who still retains title is a necessary party to an action to set aside a conveyance as fraudulent. Simmons v. Clark Equip. Credit Corp., 554 So.2d 398
(Ala. 1989). Therefore, we conclude that the trial court erred in setting aside the deed from the husband to his mother without making his mother a party. Moreover, we conclude that the trial court erred in ordering the mother's one-half interest conveyed to the wife, because the trial court did not have jurisdiction over the mother or her property. Ex parteBoykin, 656 So.2d 821 (Ala.Civ.App. 1994). Therefore, because the trial court lacked jurisdiction over the mother and her property, we conclude that the portion of the divorce judgment setting aside the deed from the husband to his mother, and the trial court's order directing the clerk of the court to convey the mother's property interest in the condominium to the wife, must be set aside.
The husband also argues that the trial court abused its discretion in ordering him to pay alimony and in ordering him to provide medical insurance for the wife because, he says, the wife's conduct caused the breakup of the marriage and because of the short duration of the marriage.
The record reflects that the conduct of both parties resulted in the breakup of the marriage and that the wife is without income or property to support herself. The record also reflects that the wife is unable to work because of a medical problem and that she did not work during the marriage.
Based upon our review of the record, we conclude that the trial court did not abuse its *Page 186 
discretion in ordering the husband to pay $500 per month periodic alimony and to provide medical insurance for the wife.See Waltman v. Waltman, 528 So.2d 867 (Ala.Civ.App. 1988).
The husband finally argues that the trial court erred in awarding the wife an attorney fee because, he says, the wife could have avoided an attorney fee by agreeing to an absolute divorce in 1992.
The granting or refusing of attorney fees is a matter within the discretion of the trial court, and its judgment will not be set aside absent an abuse of discretion. Little v. Little,680 So.2d 308 (Ala.Civ.App. 1996). We find no abuse.
We affirm those portions of the judgment granting the wife periodic alimony and an attorney fee. We reverse that portion of the judgment which set aside the conveyance of the husband's one-half interest in the condominium to his mother and that portion which conveys the condominium to the wife. This cause is remanded to the trial court for further proceedings.
The wife's request for an attorney fee on appeal is granted in the amount of $750.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala. Code 1975.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED FOR FURTHER PROCEEDINGS.
All the Judges concur.