(121 So. 52)

## FULLER v. NICHOLS et al.   (7 Div. 854.)

Supreme Court of Alabama.   March 21, 1929.

Walter S. Smith, of Birmingham, for appellant.

D. R. Coley, Jr., of Mobilé, for appellees.

BOULDIN, J. No one is heir to a living person. The persons designated by law become heirs upon the death of the decedent, and take directly from him or her upon descent cast.

A child, therefore, has no estate in the lands of the parent during the life of the parent. Any prospective interest as heir is a mere expectancy or possibility. If the child die before the parent, no estate ever vests, but passes on the death of the parent co instanti to the living persons designated by law as his heirs.

It follows that the mortgage from A. B. Nichols to his brother, R. B. Nichols, purporting to convey an undivided interest in the lands of their mother, Irene Nichols, who was then living, passed no title. The mortgagor, A. B. Nichols, having died before his mother, all expectancy as heir of her estate died with him. On her death the lands passed by descent directly to her descendants, the children of A. B. Nichols taking per stirpes.

No interest in the land having ever come to A. B. Nichols as heir, none could pass under the mortgage by estoppel or otherwise.

Under what conditions equity will recognize and enforce an assignment of an expectancy of this character does not arise in this case. It would become pertinent only in the event an estate passed to the assignor by the death of the ancestor while the assignor still lived and could take by descent.

The opinion and decree of the trial court gave effect to this view of the law of the case. Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.