PER CURIAM.
The plaintiffs, Charles S. Wright and Linda C. Wright, appeal from a summary judgment entered against them and for the defendants, Phillip Wood, Mac Gipson, Charlie Wood, and Jerry Thomley. The Wrights filed a declaratory judgment action, and the defendants counterclaimed for injunctive relief. The summary judgment denied the declaration the Wrights had requested and granted the injunction sought by the defendants. The Wrights assert that the trial court erred in determining that certain real property owned by them is subject to a restrictive covenant limiting the property to residential use only. They also contend that the trial court was incorrect in determining that a release from the *455 restrictions obtained by Charles Wright is without present legal force and effect.
Patrick N. Trotter and Deborah C. Trotter owned 66 acres of land in Autauga County, Alabama. On December 3, 1979, they executed and recorded certain restrictive covenants on that land and then subdivided the land into lots to be sold. The covenants provided that each lot could be used for residential purposes only, and contained the following general provision [1]
“1. Term. These covenants are to run with the land and shall be binding on all persons claiming under them for a period of twenty-five years from the date these covenants shall be automatically extended for successive periods of ten years unless an instrument signed by the majority of the then owners of the lots has been recorded, agreeing to change said covenants in whole or in part.”
In 1983, the Wrights purchased 6.8 acres of land subject to the restrictive covenants. Later that year, Charles Wright obtained and recorded a document that was signed by a majority of the then landowners and that was entitled “Release of Restrictions.” [2] This document provided, in pertinent part, as follows:
“WHEREAS, Charles S. Wright, a landowner of property located in [the acreage subject to restrictive covenants], desires to erect, build and maintain greenhouse nurseries on property 400' x 300' located on the back portion of property owned by Mr. Charles S. Wright for the purpose of operating a wholesale/retail plant garden and nursery business, and
“WHEREAS, Charles S. Wright desires only to remove the covenant [restricting his use of this land to residential purposes only] during the period of time he or his heirs own the property.
“THEREFORE, we, the undersigned, ... do hereby waive [the residential use covenant] as to the construction by Mr. Charles S. Wright of greenhouse nurseries ... during the period of time that the property is owned by him or his heirs....
“By executing this instrument, we are in no way releasing any other restriction nor releasing the subject restriction for any other purpose other than that set forth herein, nor for any period longer than set forth herein.”
Thereafter, the Wrights erected a greenhouse and operated a nursery until the latter part of 1986, when they discontinued the business because of Charles Wright’s poor health. After the business closed, the greenhouse deteriorated and the grounds were not maintained.
In June 1987, Charles Wright conveyed all his interest in the property to the Bank of Prattville. The Bank of Prattville conveyed Charles Wright’s interest to Charles Wright’s wife, Linda Wright, in October 1988. The Wrights then began preparing to reopen the nursery. When these preparations came to the defendants’ attention, they, through their attorney, notified the Wrights of their position that the operation of the nursery violated the restrictive covenants. The Wrights continued their preparations and reopened the nursery in April 1989. The reopened nursery is operated by a corporation, Plants Unique, Inc., d/b/a Char-mel Greenhouse.
Assuming, without deciding, that the release from restrictions was valid when executed, we must determine its current effect. The language and terms of the release agreement are clear and unambiguous. Therefore, it is the duty of the court to enforce the agreement as written. McDonald v. U.S. Die Casting & Dev. Co., 541 So.2d 1064 (Ala.1989).
As set forth above, the terms of the release obtained by Charles Wright expressly provided that it released the land from the restrictive covenant “during the period of time [Charles Wright] or his heirs own the property.” Further, it provided that the agreement “in no way” released *456 the land from the subject restriction “for any period longer than set forth [therein].” Thus, according to its terms, the release became null and void when Charles Wright conveyed his interest in the property to the Bank of Prattville.
Notwithstanding that conveyance, the Wrights argue that the release protects Linda Wright, the present owner of the full interest in the property. We do not agree. The subsequent conveyance by the Bank of Prattville of Charles Wright’s interest to Linda Wright would not resurrect the terminated release. Further, Linda Wright cannot receive protection as an “heir” because of the principle that one cannot be an heir during the lifetime of the person from whom one stands to inherit. Fuller v. Nichols, 219 Ala. 58, 121 So. 52 (1929). See Pattillo v. Pattillo, 414 So.2d 915 (Ala.1982) (recognizing that “no one has a right, vested, inchoate, or otherwise, in an intestate share until the person is dead”).
Thus, we affirm the trial court’s judgment enjoining the Wrights from conducting any further business activities on the property,
AFFIRMED.
HORNSBY, C.J., and ALMON, ADAMS, STEAGALL and INGRAM, JJ., concur.

. Although the provision is ungrammatical, we reproduce it verbatim.

. Jerry Thomley is the only appellee who, at the time this document was executed, owned property covered by the restrictive covenants. Thomley did not sign the release.